# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DELAWARE VALLEY FISH COMPANY**                    **CIVIL ACTION NO.**

**VERSUS**                                                              **21-141-JWD-EWD**

**3SOUTH LLC, ET AL.**

## NOTICE AND ORDER

On March 4, 2021, Delaware Valley Fish Company ("Plaintiff") filed a civil action against 3south LLC ("3south") and Charlotte Johnston ("Johnston") (collectively, "Defendants"), alleging, among other things, a claim for damages arising out of Defendants' alleged breach of the parties' agreement relating to the purchase of 100,000 KN95 masks.[1] Plaintiff asserts that this Court has jurisdiction under 28 U.S.C. § 1332.[2] With respect to the amount in controversy, the Complaint specifically alleges that the amount in controversy "exceeds seventy-five thousand dollars, exclusive of interest and costs."[3] Therefore, the amount in controversy is met. However, citizenship has not adequately alleged with respect to Johnston or 3south, as described below.

*Johnston*

The party asserting federal jurisdiction must "distinctly and affirmatively" allege the citizenship of all parties, and "allegations phrased in the negative are insufficient."[4] Here, Plaintiff

---

[1] R. Doc. 1. Specifically, Plaintiff, a "company that typically specializes in the exportation of eels and other seafood delicacies," decided to "shift the company's focus…and to use [its] international business contacts to procure personal protective equipment ("PPE") in order to fulfill the shortage and the public's need for KN95 masks" after the "worldwide outbreak" of COVID-19. *Id*. at ¶¶ 6-26. To that end, Plaintiff and Defendants, who primarily work with first responders and recommend/provide safety equipment, training, etc., entered a purchase agreement for 100,000 KN95 makes at a price of $3.25/each. *Id*. Plaintiff informed Defendants when the masks arrived, but Defendants did not respond, nor did they pay for the masks or take possession of them. *Id*.

[2] *Id*. at ¶ 4 ("This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.").

[3] *Id*. Additionally, Plaintiff alleges Defendants agreed to purchase 100,000 KN95 masks at a price of $3.25/masks, which totals $325,000. *Id*. at ¶ 17.

[4] *Truxillo v. American Zurich Ins. Co.*, No. 16-639, 2016 WL 6987127, *6 (M.D. La. Oct. 24, 2016) (internal citations omitted).

alleges that Johnston is a resident of Louisiana.[5] However, allegations of residency are not sufficient to establish the citizenship of an individual; rather, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[6] Accordingly, to properly plead Johnston's citizenship, Plaintiff must affirmatively plead Johnston's domicile.

*3south*

Although Plaintiff alleges that 3south is a "Louisiana corporation," Plaintiff refers to 3south as a limited liability company at other times in the Complaint.[7] To the extent that 3south is a corporation, its citizenship has been adequately alleged.[8] However, to the extent 3south is actually a limited liability company,[9] Plaintiff's allegations as to 3south's citizenship are deficient. For purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[10] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[11] The same requirement applies to any member of a limited liability company which is also a limited liability company.[12] Although Plaintiff alleges that Johnston, the "managing member" of 3south,

---

[5] R. Doc. 1, ¶ 3. (alleging that Johnston is "an individual and is the managing member and owner of 3south, and resides [in] … Baton Rouge, LA ….").

[6] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

[7] *Compare id.* at ¶ 2 (alleging that 3south is a "Louisiana corporation with its principal place of business located at 3175 Conway Drive, Baton Rouge, LA 70809" with *id.* at caption and introductory paragraph (referring to 3south as "3south LLC"). *See also id.* at ¶ 3 (referring to Johnston as the "managing member" of 3south).

[8] *Id.* at ¶ 2 (alleging that 3south is a "Louisiana corporation with its principal place of business located at 3175 Conway Drive, Baton Rouge, LA 70809."). Accordingly, under 28 U.S.C. § 1332(c)(1), Plaintiff has sufficiently alleged the citizenship of 3south to the extent it is in fact a corporation.

[9] A review of the Louisiana Secretary of State's website indicates that 3south is a limited liability company, not a corporation.

[10] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[11] *Id.*

[12] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

is a Louisiana resident, the Complaint does not contain sufficient allegations regarding 3south's citizenship because (1) it has not adequately alleged Johnston's citizenship, as discussed above; and (2) there is no allegation that Johnston is the sole member of 3south, and (3) it does not identify 3south's members or their respective citizenships as required by 28 U.S.C. § 1332(a) and (c).

The Court *sua sponte* raises the issue of whether it may exercise jurisdiction in this matter, specifically whether there is complete diversity of citizenship among the parties.[13]

Accordingly,

**IT IS ORDERED** that **on or before March 18, 2021**, Plaintiff Delaware Valley Fish Company shall file a motion for leave to amend its Complaint[14] with a proposed pleading that is a comprehensive amended Complaint (*i.e.*, includes all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties, and which will become the operative Complaint in this matter without reference to any other document in the record.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on March 11, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[14] R. Doc. 1.